**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AMALIA ALVARADO-RODRIGUEZ,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9543
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Petitioner Amalia Alvarado-Rodriguez seeks review of a decision by the Board

of Immigration Appeals ("BIA") dismissing her appeal of an Immigration Judge's

("IJ") order denying her applications for asylum, withholding of removal, and relief

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the United Nations Convention Against Torture ("CAT").  Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

## I.  BACKGROUND

In August 2018, Ms. Alvarado-Rodriguez entered the United States from Guatemala without inspection and was placed in removal proceedings.  She conceded removability and applied for asylum under 8 U.S.C. § 1158, withholding of removal under § 1231(b)(3), and CAT protection under 8 C.F.R. § 1208.16.

### A.  *IJ Proceedings*

Ms. Alvarado-Rodriguez testified before an IJ that she fled Guatemala after local gang members targeted her and her family for extortion.  She testified that in 2016 her family was living in the city of Quetzal, where her husband operated a construction business.  A gang member approached her husband and demanded that he start paying 300 Guatemalan quetzales per week or he would be killed and/or the couple's son would be kidnapped.

After this incident, Ms. Alvarado-Rodriguez's husband moved with their son to the United States.  She left Quetzal with her other two children and moved in with her husband's parents elsewhere in Guatemala.  In July 2018, two men approached her on the street and asked why she and her husband had failed to pay the 300 quetzales.  The men threatened her if she did not pay.  She and her two children then fled to the United States.

Ms. Alvarado-Rodriguez argued that the gang threats constituted persecution on account of a protected ground—her political opinion and her membership in the

2

protected social groups ("PSGs") of "1) Guatemalan women; 2) family members of independent business owners who overtly disobeyed the gang's demands; and 3) family members who have suffered persecution." Pet'r Br. at 8-9.

After the hearing, the IJ denied Ms. Alvarado-Rodriguez's asylum application. The IJ found Ms. Alvarado-Rodriguez to be credible but concluded she had not shown (1) the threats were persecution under the Immigration and Nationality Act ("INA") or (2) a nexus between the harm she suffered and a protected ground.

The IJ also concluded Ms. Alvarado-Rodriguez failed to meet the standard applicable to withholding of removal under 8 U.S.C. § 1231(b)(3), and that the evidence was insufficient to warrant CAT relief. The IJ ordered her removal to Guatemala. She appealed to the BIA.

## B. *BIA Proceedings*

The BIA affirmed the IJ and dismissed Ms. Alvarado-Rodriguez's appeal. It held that she failed to show (1) the gang mistreatment was persecution under the INA or that (2) the persecution was on account of a protected ground.

On Ms. Alvarado-Rodriguez's proposed protected grounds, the BIA rejected her political-opinion argument, explaining that opposition to crime and violence does not amount to a political opinion under the INA. The BIA further said she had not shown her membership in any of her PSGs was a central reason for the gang threats. Citing *Orellana-Recinos v. Garland*, 993 F.3d 851 (10th Cir. 2021), it explained that Ms. Alvarado-Rodriguez had to show that her group membership, not her access to money, was the central reason the gang targeted her. And it agreed with the IJ's

3

factual determination that financial objectives motivated her alleged persecutors because her husband operated a lucrative business. Having affirmed on lack of nexus, the BIA declined to address the IJ's other reasons for denying asylum, including whether Ms. Alvarado-Rodriguez's PSGs were cognizable under the INA.

The BIA also affirmed the IJ's decision to deny withholding of removal and CAT protection. Ms. Alvarado-Rodriguez sought timely review in this court.

## II. **DISCUSSION**

Because the BIA issued a reasoned decision in a brief order under 8 C.F.R. § 1003.1(e)(5), we limit our review to the grounds cited therein. *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). "[W]e review the BIA's findings of fact under a substantial-evidence standard." *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015) (quotations and brackets omitted). Under this highly deferential standard, "findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*; *see also* 8 U.S.C. § 1252(b)(4)(B); *Garland v. Dai*, 593 U.S. 357, 365 (2021) (characterizing § 1252(b)(4)(B) as a "highly deferential" standard). "We review the BIA's legal determinations de novo." *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010).

### A. *Asylum*

To qualify for asylum, an applicant must be a "refugee," 8 U.S.C. § 1158(b)(1)(B)(i)—"unable or unwilling to return" to the applicant's country of nationality or habitual residence "because of persecution or a well-founded fear of

4

persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42). "These five categories are called 'protected grounds.'" *Rodas-Orellana*, 780 F.3d at 986.

An applicant may obtain refugee status: (1) "through evidence of a well-founded fear of future persecution" on account of a protected ground; (2) "through a showing of past persecution" on account of a protected ground, which gives rise to a rebuttable presumption of having a well-founded fear of future persecution on account of a protected ground; or (3) "through a showing of past persecution so severe as to provide a compelling argument against removal, even though there is no danger of future persecution on the basis of a protected ground." *Rivera–Barrientos v. Holder*, 666 F.3d 641, 646 (10th Cir.2012).

To show persecution or fear of persecution "on account of" a protected ground, 8 U.S.C. § 1101(a)(42), an asylum applicant must establish a "nexus" between the alleged persecution and a protected ground, *Dallakoti*, 619 F.3d at 1267 (10th Cir. 2010). The protected ground must be "at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). "[I]t cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Orellana-Recinos*, 993 F.3d at 855 (quoting *J-B-N-*, 24 I. & N. Dec. 208, 214 (BIA 2007)).

Because the protected ground must be "central to the persecutor's decision to act against the victim," the persecutor's motivations are relevant. *Rivera-Barrientos*, 666 F.3d at 646 (quotations omitted). Where "there [is] no evidence that the [persecutor] would be hostile toward the targeted [individuals] absent their financial

or recruitment motives," there is no nexus to a protected ground. *Orellana-Recinos*, 993 F.3d at 853.

### 1. Past Persecution

As noted above, a showing of past persecution may establish a presumption of having a well-founded fear of future persecution or may be so severe that it alone warrants asylum. *Rivera–Barrientos*, 666 F.3d at 646. Ms. Alvarado-Rodriguez argues the BIA erred in holding that she failed to show past persecution. We disagree.

The record shows the gang members threatened her and her husband and that the threats prompted her to move to another town and ultimately to the United States. Although the gang did not physically harm or kidnap anyone in her family, she argues the threats were severe enough to constitute persecution because they put her family at risk of kidnapping and murder.

Under the INA, "only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). This "standard is very difficult to satisfy." *Matumona v. Barr*, 945 F.3d 1294, 1305 (10th Cir. 2019); *see also id.* at 1304-05 (upholding finding of no persecution despite credible evidence of threats so menacing petitioner was forced into hiding). Although persecution does not require permanent physical injury, *Karki v. Holder*, 715 F.3d 792, 804 (10th Cir. 2013), and "threats should be considered in assessing

6

the cumulative impact of all of the mistreatment a petitioner suffered," *id.*, threats alone typically are not sufficient. *Vatulev*, 354 F.3d at 1210.

Ms. Alvarado-Rodriguez presented evidence of two threats made against her and her husband over a two-year period. The gang did not carry out the threats. "In this circuit, the ultimate determination whether an alien has demonstrated persecution is a question of fact, even if the underlying factual circumstances are not in dispute and the only issue is whether those circumstances qualify as persecution." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1091 (10th Cir. 2008). Here, the BIA found that Ms. Alvarado-Rodriguez's encounters with the gangsters did not constitute persecution. A reasonable adjudicator would not be compelled to find otherwise.

2. **Nexus**

A petitioner who has not shown past persecution can still qualify for asylum by establishing a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(2); *Rivera-Barrientos*, 666 F.3d at 646. The BIA concluded Ms. Alvarado failed to show that her political opinion or her membership in any of her PSGs was or would be a central reason for her claimed persecution. Whether Ms. Alvarado-Rodriguez has shown a fear of persecution "on account of" a protected ground is a question of fact that we review for "substantial evidence," *Rivera-Barrientos*, 666 F.3d at 647.

Substantial evidence supports the BIA's finding that Ms. Alvarado-Rodriguez failed to show a nexus between her mistreatment and a protected ground, which "must be at least one central reason for persecuting the applicant." *Rodas-Orellana*,

7

780 F.3d at 996 (quotations omitted) (emphasis added).  As noted, the BIA found that Ms. Alvarado-Rodriguez had not shown that her political opinion or membership in a PSG was a central reason for the alleged persecution.  It instead found the gang targeted her because her husband operated a small business, which the gang viewed as a source of funding.

The BIA cited *Orellana-Recinos*, in which we explained, "[M]embership in a particular social group should not be considered a *motive* for persecution if the persecutors are simply pursuing their distinct objectives and a victim's membership in the group is relevant only as a means to an end."  993 F.3d at 856.  We also said that persecution based on family ties requires more than showing that the victims belonged to the same family and the family experienced harm.  *Id.* at 857 (quoting *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (BIA 2017), *rev'd in part on other grounds*, 27 I. & N. Dec. 581, 596-97 (Att'y Gen. 2019)) (quotations omitted).  The applicant must point to some evidence indicating the persecutors were motivated by "'animus against the family or the [applicant] based on their biological ties, historical status, or other features unique to that family unit.'"  *Id.* (quoting *Matter of L-E-A-*, 27 I. & N. Dec. at 46-47) (emphasis omitted).

The BIA said Ms. Alvarado-Rodriguez failed to do so here.  A reasonable adjudicator would not be compelled to conclude that Ms. Alvarado-Rodriguez's

political opinion or proposed PSGs were the central reason for the attempted

extortion and threats against her.[1]

## B. *Withholding of Removal*

The burden of proof for withholding of removal is higher than for asylum.

*Dallakoti*, 619 F.3d at 1267.  For asylum, a noncitizen must show past persecution

or a well-founded fear of persecution on account of a protected ground.  *Rivera-*

*Barrientos*, 666 F.3d at 645.  To show a well-founded fear, an applicant must at least

show that persecution is a "reasonable possibility."  *INS v. Cardoza–Fonseca*,

480 U.S. 421, 440 (1987) (quotations omitted).  For withholding of removal,

an applicant must prove a "clear probability of persecution" on account of a protected

ground.  *Karki*, 715 F.3d at 801 (quotations omitted).  Thus, Ms. Alvarado-

Rodriguez's "[f]ailure to meet the burden of proof for an asylum claim necessarily

forecloses meeting the burden for a withholding claim."  *Rodas-Orellana*, 780 F.3d at

987.

## C. *CAT Protection*

The CAT "prohibits removal to a country where an alien would probably face

torture."  *Igiebor v. Barr*, 981 F.3d 1123, 1127 (10th Cir. 2020) (quotations omitted).

An applicant for CAT relief must show "that it is more likely than not that he or she

would be tortured if removed to the proposed country of removal."  8 C.F.R.

---

[1] Ms. Alvarado-Rodriguez also asserts error in the IJ's rejection of her proposed PSGs.  We do not address her challenge because the BIA did not rely on that issue in its decision.  *Dallakoti*, 619 F.3d at 1267 n.1.

§ 1208.16(c)(2).  A CAT claim "differs from a claim for asylum or withholding of removal under the INA because there is no requirement that the petitioners show that torture will occur on account of a statutorily protected ground."  *Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005).  Torture for a CAT claim is:

> (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for a proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions.

*DeCarvalho v. Garland*, 18 F.4th 66, 72 (1st Cir. 2021) (citing 8 C.F.R. § 1208.18(a)(1)).

For her CAT argument, Ms. Alvarado-Rodriguez points us to the "above Sections [of her brief] and [her] voluminous evidence submission establishing persecution by presenting articles documenting the targeted treatment of women in Guatemala."  Pet'r Br. at 25.  But she fails to set forth her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(8)(A).  Her CAT challenge is inadequately briefed and therefore waived.  *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (alterations and quotations omitted)); *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

Ms. Alvarado-Rodriguez's CAT challenge otherwise fails under the substantial evidence standard. The BIA concluded, "Just as the past threats [against Ms. Alvarado-Rodriguez] did not constitute persecution, they also do not rise to the level of torture." ROA, Vol. 1 at 10. And on the record before us, no reasonable adjudicator would be compelled to disagree with this finding.

## III. CONCLUSION

We deny Ms. Alvarado-Rodriguez's petition for review and her motion to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge